TO BE PUBLISHED

# Supreme Court of Kentucky

2026-SC-0062-KB

IN RE: CHARLES FREDERICK ROGERS, JR.

IN SUPREME COURT

## OPINION AND ORDER

Charles Frederick Rogers, Jr., Kentucky Bar Association ("KBA") Member Number 96838, appeals his suspension from the practice of law for noncompliance with the minimum continuing legal education ("CLE") requirements for the 2024-2025 educational year. Having determined that Rogers has failed to demonstrate good cause sufficient to revoke his suspension, this Court denies his appeal.

## BACKGROUND

Rogers was admitted to the practice of law in the Commonwealth of Kentucky on October 19, 2015. His Bar Roster address is 8559 Clough Pike, Cincinnati, OH 45244. Prior to the close of the 2024-2025 educational year, the KBA submitted three written notices to Rogers reminding him to obtain additional CLE credit hours as required by Kentucky Supreme Court Rule ("SCR") 3.645(1). The KBA mailed these notices to Rogers' official Bar Roster address. On August 6, 2025, preceding the expiration of the CLE reporting deadline for the 2024-2025 educational year, the KBA once again informed

Rogers of his CLE delinquency. On this occasion, the KBA transmitted the notice to Rogers' official Bar Roster e-mail address.

On August 20, 2025, in conformity with SCR 3.675(1), the CLE Commission mailed Rogers written notice of his delinquent status via United States Mail, which it addressed to his official Bar Roster address. The CLE Commission subsequently e-mailed Rogers the notice again on October 6, 2025, and mailed a courtesy copy via United States Mail on October 16, 2025. Rogers failed to respond to the KBA in any manner, including seeking an extension of time under SCR 3.670, or an exemption pursuant to SCR 3.665. On November 12, 2025, the KBA also attempted to contact Rogers by calling his official Bar Roster phone number. The KBA was unsuccessful in speaking with Rogers but provided a voicemail.

On Friday, November 21, 2025, pursuant to SCR 3.675(2), the CLE Commission certified Rogers' name to the KBA Board of Governors (the "Board") as having failed to satisfy the 2024-2025 CLE requirements. The Board summarily issued Rogers a Show Cause Notice of Delinquency ("Notice of Delinquency") in conformity with SCR 3.675(3). The Notice of Delinquency required Rogers to show cause as to why his license should not be suspended from the practice of law or why the KBA should not otherwise sanction him for failing to meet the mandatory minimum CLE requirements. Pursuant to SCR 3.675(3), the KBA informed Rogers that to avoid suspension or the imposition of sanctions, he was required to respond or certify compliance within thirty days.

Subsequently, in the afternoon on this very same day, Rogers updated his official Bar Roster address, e-mail address, and phone number. Despite Rogers updating his official Bar Roster contact information, the KBA mailed the Notice of Delinquency to Rogers' prior official Bar Roster address via United States Certified Mail the following business day, Monday, November 24, 2025. The KBA contends that it did not address the Notice of Delinquency to Rogers' updated official Bar Roster address because his new address was not updated prior to the Board's acceptance of the CLE Commission's certification and the Board's Notice of Delinquency. The Notice of Delinquency was ultimately returned to the KBA as "unable to forward."[1]

On January 8, 2026, and again on January 14, 2026, the KBA attempted to contact Rogers by calling his updated official Bar Roster phone number. The KBA was unable to reach Rogers and left voicemails regarding the situation. In addition, on January 12, 2026, the KBA resent the Notice of Delinquency to Rogers' updated official Bar Roster address. Finally, on January 16, 2026, Rogers accepted and signed the receipt of the Notice of Delinquency. That same day, on January 16, 2026, the KBA suspended Rogers' license to practice law in the Commonwealth of Kentucky for failure to comply with the CLE requirements for the 2024-2025 educational year.

On February 6, 2026, as permitted under SCR 3.675(6), Rogers appealed his suspension to this Court. In his appeal, Rogers attempts to show cause by

---

[1] The KBA does not identify the date it received the "unable to forward" certified mail receipt.

attesting that he certified completion of the minimum CLE credit hours immediately upon discovering his delinquent status. More specifically, Rogers attests that he became aware of the situation on January 16, 2026, upon receiving the KBA's voicemails. Rogers explains that he believed he had already complied with the CLE requirements, but was unable to access the KBA website to ensure the same. In an abundance of caution, Rogers states that he promptly attended online CLE courses on January 16, 2026, and again on January 17, 2026, and reported six CLE credit hours to the KBA.

Rogers also states that he separated from his prior employer at the end of 2024, yet failed to update his official Bar Roster contact information until November of 2025. Rogers expresses regret for failing to update his official Bar Roster address, seemingly acknowledging that it is his responsibility to do so in conformity with SCR 3.035.

On February 17, 2026, the KBA filed a response to Rogers' appeal. The KBA argues that Rogers fails to demonstrate good cause sufficient to warrant revocation of his suspension. The KBA seeks to establish that Rogers did not earn the required CLE credit hours during the 2024-2025 educational year, and that Rogers has not provided any reason to excuse this deficiency. Thus, the KBA requests that this Court require Rogers to utilize the restoration process.[2]

---

[2] The KBA notes that Rogers may have intended to initially seek restoration, as it received a check from Rogers in an amount correlating with an application for certification of restoration pursuant to SCR 3.504. Rogers failed to specify any reason(s) for his submission of the check, and it appears the KBA is still in possession of this check. We decline to address the KBA's request to apply these funds to Rogers' anticipated application for restoration. The

The KBA reports that Rogers earned a total of 20.25 CLE credit hours, including six ethics credit hours, during his suspension. However, the KBA states that it has not approved or added these credit hours to Rogers' CLE transcript since he reported the hours during his suspension. Importantly, for restoration, Rogers must complete at least twenty-four CLE credit hours, comprising twelve CLE credit hours for each educational year—here, the 2024-2025 and 2025-2026 educational years. SCR 3.504(2)(c); SCR 3.685. Consequently, Rogers must still complete an additional 3.75 CLE credit hours prior to restoration.

## ANALYSIS

SCR 3.675(4) states the following:

> Unless good cause is shown by the return date of the [Notice of Delinquency], or within such additional time as may be allowed by the Board, the lawyer will be stricken from the membership roster as an active member of the KBA and will be suspended from the practice of law or will be otherwise sanctioned as deemed appropriate by the Board.

Once the KBA suspends a member pursuant to SCR 3.675, he or she may apply for restoration or appeal the suspension to this Court. SCR 3.675(5)-(6). Regarding the former, SCR 3.675(5) permits the KBA to restore the suspended member to good standing upon an application made under KRS 3.504, which requires a showing, *inter alia*, that the suspended member has paid all unpaid KBA dues, has no pending disciplinary matters, and has completed the

KBA has not supplied this Court with any authority that such an order is permissible or necessary at this juncture.

5

minimum CLE requirements for each educational year. SCR 3.675(6) governs the latter option and requires the suspended member to provide the Court with an affidavit demonstrating good cause necessitating revocation of the suspension.

We agree with the KBA that Rogers has failed to show good cause necessitating our revocation of his suspension. We do not perceive any procedural errors in the KBA's suspension, nor does Rogers allege the same. Indeed, the CLE Commission certified Rogers' name to the Board following his failure to report sufficient CLE credit hours. In turn, the Board issued the Notice of Delinquency to Rogers' official Bar Roster address at the time, which was dated and mailed the following business day. As this Court stated in *Hofmann v. Kentucky Bar Association,* Rogers' failure to update his official Bar Roster address "is not a viable excuse for ignoring the notices." 647 S.W.3d 268, 271 (Ky. 2022) (citing SCR 3.035(1)(a)). Moreover, although not required, the KBA made numerous attempts to inform Rogers of the delinquency, including calling his updated Bar Roster telephone number twice just prior to his suspension. Nonetheless, Rogers did not respond or act in a timely manner prior to his suspension.

Pointedly, we note that Rogers was unsuccessful in remedying or curing the delinquency at any time prior to his appeal. Rogers merely attests that following his suspension, he reported six CLE credit hours, including three ethics credit hours. Rogers, however, did not obtain these credit hours during the relevant educational year. Even if Rogers had obtained the six CLE credit

6

hours during the 2024-2025 educational year, he still fell short of the minimum twelve credit hours required to comply with SCR 3.645(1).

For the foregoing reasons, this Court adopts the KBA's recommendation that Rogers' appeal be denied, thereby requiring him to utilize the restoration process promulgated in SCR 3.504.

ACCORDINGLY, it is hereby ORDERED as follows:

1.      The appeal of Charles F. Rogers, Jr., requesting revocation of his suspension from the practice of law in the Commonwealth of Kentucky pursuant to SCR 3.675, is denied.

2.      Charles F. Rogers, Jr., shall remain suspended until such time as he complies with the appropriate restoration provisions of SCR 3.504.

All sitting.  Lambert, C.J.; Bisig, Conley, Goodwine, Keller, and Nickell, JJ., concur. Thompson, J., dissents.

ENTERED: June 25, 2026.

_____
CHIEF JUSTICE

7